# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

REBECCA COURTRIGHT and )
RAPHEAEL SAYE, )
Individually and on Behalf of All Others )
 )
    Plaintiffs, )
 )
v. ) Case No. 14-00334-CV-W-DGK
 ) Consolidated with: 15-00134-CV-W-DGK
O'REILLY AUTOMOTIVE STORES, )
INC., et al., )
 )
    Defendants. )

## ORDER REGARDING DISCOVERY DISPUTE

This case is a putative class action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(b). Plaintiffs' First Amended Complaint (Doc. 23) alleges that Defendants fail to comply with various federal and state mandates for obtaining and using consumer reports[1] and investigative consumer reports[2] for employment purposes. Although the name Plaintiffs are two prospective employees Defendants allegedly denied employment to after conducting some unspecified background check, Plaintiffs seek to represent "all employees or prospective employees of Defendants in the United States." First Am. Compl. at ¶¶ 64, 66.

Now before the Court is a discovery dispute between the parties concerning three issues: (1) deadlines for Defendants to produce documents and provide supplemental discovery responses; (2) redactions to documents Defendants have already produced; and (3) the

---

[1] Relevant to this lawsuit, the FCRA defines "consumer report" as "any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capability, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes." 15 U.S.C. § 1681a(d)(1).

[2] "Investigative consumer report" means "a consumer report or portion thereof in which information on a consumer's living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information." 15 U.S.C. § 1681a(e).

appropriate scope of discovery in this case. After reviewing the parties' memos and hearing argument from counsel during a teleconference this morning, the Court rules as follows:

1. On or before September 11, 2015, Defendants shall provide all supplemental discovery responses to Plaintiffs. On or before September 11, 2015, Defendants shall also produce at least a majority of the documents responsive to Plaintiffs' request for production of documents. If Defendants do not produce all of the responsive documents at this time, they shall meet and confer with Plaintiffs to set a fixed date by which the balance will be produced. On or before August 7, 2015, the parties shall submit a joint proposed Third Amended Scheduling Order for the Court to review.

2. Defendant shall provide unredacted documents to Plaintiffs.

3. With respect to the scope of discovery, the Court directs each party to file proposed suggested language defining the appropriate scope of discovery. The proposed language should clearly define what is included and excluded. Among other things, the proposed language should include a time frame; the class of employees or proposed employees to which it applies (i.e., whether the scope of discovery includes all employees or just new hires); and whether the scope of discovery includes consumer report checks, criminal background checks, and motor vehicle record checks. Related to this, each party should also identify or explain what information Defendants sought or reviewed in connection with Plaintiffs' Courtright and Saye's employment applications. Each memorandum shall not exceed three double-spaced pages and shall be filed on or before July 28, 2015 at 5 p.m.

**IT IS SO ORDERED.**

Date:  July 27, 2015                    /s/ Greg Kays
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT