IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA COURTRIGHT and RAPHEAEL SAYE, Individually and on Behalf of All Others | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 14-00334-CV-W-DGK Consolidated with: 15-00134-CV-W-DGK |
| O'REILLY AUTOMOTIVE STORES, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER REGARDING SECOND DISCOVERY DISPUTE

This case is a putative class action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(b). Plaintiffs allege that Defendants fail to comply with various federal and state mandates for obtaining and using consumer reports[1] and investigative consumer reports[2] for employment purposes.

Now before the Court are three questions raised in the parties' second discovery dispute teleconference. These are: (1) is the scope of discovery restricted to prospective employees only; (2) is the scope of discovery restricted to retail applicants only; and (3) when shall Defendants' produce various documents and other information requested by Plaintiffs. After reviewing the

---

[1] Relevant to this lawsuit, the FCRA defines "consumer report" as "any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capability, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes." 15 U.S.C. § 1681a(d)(1).

[2] "Investigative consumer report" means "a consumer report or portion thereof in which information on a consumer's living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information." 15 U.S.C. § 1681a(e).

parties' memos and hearing argument from counsel during a teleconference, the Court rules as follows:

1. The Court reiterates its previous ruling that discovery is limited to *prospective* employees as that term is defined in the Court's Supplemental Order Regarding Discovery Dispute (Doc. 68). This means reports obtained during employment do not fall within the scope of discovery.

2. The Court reiterates its previous ruling that discovery applies to "anyone who applied to any Defendant for employment after March 4, 2012." Discovery is not limited to retail employees. It applies to employees at Defendants' other business operations, including—but not limited to—corporate offices and warehouses.

3. With respect to when discovery shall be provided, Defendants shall answer all outstanding discovery requests by November 17, 2015. The exception shall be information sought concerning Defendants' non-retail employees. Defendants shall research how long it will take to produce this information and confer with Plaintiffs on a reasonable schedule of production. The parties shall jointly produce a mutually agreeable, reasonable schedule of production that is consistent with the existing scheduling order. The parties shall file the production schedule with the Court.

**IT IS SO ORDERED.**

Date:   November 2, 2015            /s/ Greg Kays
                                    GREG KAYS, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT