IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REBECCA COURTRIGHT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 14-00334-CV-W-DGK |
| | ) Consolidated with: 15-00134-CV-W-DGK |
| O'REILLY AUTOMOTIVE STORES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO STAY PROCEEDINGS

This case is a putative class action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(b). Now before the Court is Defendants' Motion to Stay All Proceedings (Doc. 75).

A district court possesses "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). The proponent of a stay bears the burden of establishing the need for it. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In determining whether to grant a stay, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; whether issuing the stay will substantially injure other parties interested in the proceeding; and the public interest. *Id.* at 434.

Defendants request a stay because the Supreme Court has recently heard oral argument in a similar case, *Spokeo, Inc. v. Robins*, No. 13-1339, in which the defendant is questioning whether federal courts possess subject matter jurisdiction to hear cases such as this one. The defendant in *Spokeo* contends that a plaintiff lacks Article III standing to prosecute a claim for a

1

purely statutory violation because a statutory violation does not qualify as an injury-in-fact.

Defendants argue that Plaintiffs will not be prejudiced if the Court issues a stay, but they will be if the Court does not, because they will be forced to continue litigating this case even though the Court may lack subject matter jurisdiction. Defendants contend issuing a stay will also promote judicial economy by allowing the Court to avoid ruling on additional discovery disputes before the Supreme Court hands down its decision. Defendants note several district courts have issued stays in similar cases.

In response, Plaintiffs observe that stays are generally disfavored and require a showing of hardship or inequity. They also doubt Defendants' likelihood of success on the underlying subject matter jurisdiction argument. They note the Eighth Circuit recently held in an analogous case that federal courts possess subject matter jurisdiction to hear such claims. *See Hammer v. Sam's East, Inc.*, 754 F.3d 492, 498 (8th Cir. 2014) (holding plaintiff possessed standing under Article III to bring a FCRA claim for a statutory violation only). They also observe that several other district courts have denied requests for stays in similar litigation while the *Spokeo* case is pending.

The Court finds the relevant factors weigh against issuing a stay. The Court cannot say that Defendants are likely to prevail on their underlying argument. Although there is a circuit split on this issue, only two circuits, the Fourth and the Fifth, have held deprivation of a statutory right is insufficient to constitute an injury-in-fact for Article III standing. The other circuits that have considered this issue—the Sixth, Seventh, Eighth, Ninth, Tenth, and the D.C. Circuit—have held it is sufficient.

Further, Defendants will not be irreparably harmed if the stay is not granted. Granted, Defendants face a risk of incurring what may turn out to be unnecessary expenses if the case is

2

Case 4:14-cv-00334-DGK   Document 83   Filed 12/18/15   Page 2 of 3

not stayed and the Supreme Court issues a favorable decision, but a risk of a monetary harm is not an "irreparable harm."

Even if it were, the Court's interest in managing its docket and resolving this case in a timely fashion weighs against granting the motion. This case is already nineteen months-old, has been stayed once, and little substantive progress in the litigation has been made. Issuing another stay could well mean this case will be three years-old before the parties finish briefing class certification, which is too long.

Accordingly, the Court holds Defendants have not carried their burden of establishing the need for a stay. The motion (Doc. 75) is DENIED.

Date:   December 18, 2015                    /s/ Greg Kays
                                             GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT