IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REBECCA COURTRIGHT and RAPHEAEL SAYE, Individually and on Behalf of All Others <br><br> Plaintiffs, <br><br> v. <br><br> O'REILLY AUTOMOTIVE STORES, INC., et al., <br><br> Defendants. | Case No. 14-00334-CV-W-DGK <br> Consolidated with: 15-00134-CV-W-DGK |

## ORDER REGARDING THIRD DISCOVERY DISPUTE

This case is a putative class action brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681(b). Plaintiffs allege that Defendants fail to comply with various federal and state mandates for obtaining and using consumer reports[1] and investigative consumer reports[2] for employment purposes.

Now before the Court is the parties' third discovery dispute. This dispute concerns the slow pace of Defendants' production of information concerning non-retail putative class members and a sample of "adverse action" files.

---

[1] Relevant to this lawsuit, the FCRA defines "consumer report" as "any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capability, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes." 15 U.S.C. § 1681a(d)(1).

[2] "Investigative consumer report" means "a consumer report or portion thereof in which information on a consumer's living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information." 15 U.S.C. § 1681a(e).

Defendants state that the slow production is the result of the client's prior data vendor experiencing difficulty producing this information. Defendants report that they are hopeful that they can produce this information within sixty days, but cannot promise it will be.

Plaintiffs' concerns are that they not have to brief the class certification motion until this production and all follow-up discovery is complete, and that they not be disadvantaged in any other way by Defendants' slow production.

The Court ORDERS the following:

1. Defendants shall do everything possible to provide the outstanding information concerning non-retail putative class members and the "adverse action" files on or before April 12, 2016. Defendants shall file with the Court a detailed update on the progress of this production every two weeks until production is complete.

2. All deadlines in the current scheduling order are stayed. After this production is complete, the parties shall confer and submit a proposed revised scheduling order to the Court.

**IT IS SO ORDERED.**

Date:   February 11, 2016            /s/ Greg Kays
                                     GREG KAYS, CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT