IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA COURTRIGHT and RAPHAEL SAYE, Individually and on Behalf of All Others, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14-00334-CV-W-DGK Consol. with: 4:15-00134-CV-DGK |
| O'REILLY AUTOMOTIVE STORES, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER DISMISSING CASE AND REMANDING TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

This case is a putative class action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(b). Plaintiffs allege Defendants failed to comply with various federal and state mandates for obtaining and using consumer reports and investigative consumer reports for employment purposes.

Now before the Court are Defendants' Motion for Summary Judgment Based on Lack of Standing[1] (Doc. 124); Plaintiffs' Motion for Class Certification (Doc. 129);[2] Plaintiffs' Motion for Remand (Doc. 131);[3] and Plaintiffs' Motion for Partial Summary Judgment (Doc. 153).

---

[1] Although captioned as a motion for summary judgment, this motion is more accurately described as a motion to dismiss based on lack of standing.

[2] There are also two related motions: Plaintiffs' Motion for Leave to File Under Seal Their Suggestions in Support of Plaintiffs' Motion for Class Certification (Doc. 128), and Defendants' Motion for Leave to File Under Seal the Exhibits to Their Suggestion in Opposition to Plaintiffs' Motion for Class Certification (Doc. 135).

[3] Also pending is a related alternate motion to remand, Plaintiffs' Motion to Transfer Plaintiff Estrada's Action to the Southern District of California (Doc. 134).

**Standard**

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." If a litigant lacks Article III standing, then a federal court lacks subject-matter jurisdiction over the lawsuit. *Iowa League of Cities v. EPA*, 711 F.3d 844, 869 (8th Cir. 2013).

Article III standing requires the plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). To establish an injury in fact, a plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560). "[A] concrete injury is required even in the context of a statutory violation." *Id.* (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)).

**Background**

On March 4, 2014, Plaintiffs filed this case in the Circuit Court of Jackson County, Missouri. On April 10, 2014, Defendants removed this case to federal court. On July 14, 2014, Plaintiffs filed their First Amended Complaint (Doc. 23).

On March 25, 2015, this case was consolidated with a similar case, *Estrada v. CSK Auto Inc.*, No. 4:15-cv-0134, originally filed in the Southern District of California. The consolidated case was reassigned to this Court on April 23, 2015.

The First Amended Complaint alleges Defendants violated Plaintiffs' statutory rights under the FCRA, the California Investigative Consumer Reporting Agencies Act, and the California Business & Professions Code. First. Am. Compl. at ¶¶ 80-85, 89-94, 102-06, 109-12,

115-18. It alleges that as a result of Defendants' wrongful acts, Plaintiffs "have been injured, including, without limitation, by having their privacy and statutory rights invaded in violation of the FCRA and ICRAA." *Id.* at ¶ 14. It seeks statutory damages, including punitive damages and attorneys' fees, but no actual damages. *Id.* at ¶¶ 84-86, 93-95, 107, 111-13, 119.

In their initial briefing on this subject, Plaintiffs argued that they had suffered two concrete injuries in fact, namely an "invasion of privacy" and an "actionable informational injury." Suggestions in Opp'n to Defs.' Mot. for Summ. J. at 11-15 (Doc. 133). In their subsequent briefing, however, Plaintiffs did not assert that they had suffered an injury in fact. *See* Reply for Pls.' Mot. for Remand (Doc. 143).

**Discussion**

Since the parties now agree that Plaintiff has not suffered any injury in fact, the Court lacks subject matter jurisdiction over this dispute. The question then becomes, should the Court dismiss the case or remand it back to the Circuit Court of Jackson County, Missouri? There has been some confusion among district courts whether dismissal or remand is appropriate where a defendant removes a case to federal court and the plaintiff lacks standing. *See, e.g.*, *Woods v. Caremark*, No. 15-cv-0535-SRB, 2016 WL 6908108 (W.D. Mo. July 28, 2016) (noting the Eighth Circuit dismissed a case for lack of standing in *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 793 (8th Cir. 2012), but remanded a case back to state court in *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014), in accordance with 28 U.S.C. § 1447(c)). The Eighth Circuit has recently reaffirmed that such cases should be remanded. *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 993 (8th Cir. 2016) (citing *Wallace* and holding that, "[i]f a case is removed from state court, those claims lacking Article III standing shall be remanded.") Accordingly, this case should be remanded.

**Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Remand (Doc. 131) is GRANTED. All other pending motions are DENIED AS MOOT.

The Court will order remand of this case to the Circuit Court of Jackson County, Missouri. The Court instructs the Clerk of the Court to delay remand of the case for ten days to allow Defendants the opportunity to exercise their right to appeal under 28 U.S.C. § 1453(c)(1). If the Court of Appeals accepts an appeal from the Court's order, the Clerk shall delay remand until the Court of Appeals has ruled on the appeal.

**IT IS SO ORDERED.**

Date: September 29, 2017          /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT